# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3161

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Anthony Sisco, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 12, 2009
Filed: August 14, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

SMITH, Circuit Judge.

Anthony Sisco pleaded guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), as part of a written plea agreement. This plea agreement contained a waiver of appellate rights. Despite this waiver, Sisco argues on appeal that the district court[1] committed procedural errors in setting his 480-month sentence. We enforce the waiver and dismiss Sisco's appeal.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

## I. *Background*

Police came to Sisco's apartment in Kansas City, Missouri, to investigate an alarm. The officers noticed a strong smell of acetone coming from the apartment and saw marijuana on a coffee table in the living room. While officers were clearing the apartment, Sisco arrived and told officers that he lived alone in the apartment. The police arrested Sisco, who then consented to a search of his apartment. Officers recovered 51.69 grams of cocaine base (i.e. "crack cocaine"), 2.99 kilograms of marijuana, 20.10 grams of powder cocaine, $5,850 in United States currency, four guns with ammunition, three scales, and drug paraphernalia.

A federal grand jury indicted Sisco with possession with intent to distribute 50 grams or more of crack cocaine. As part of a written plea agreement, Sisco entered a plea of guilty to the lesser included offense of possession with intent to distribute five grams or more of crack cocaine. Sisco remained on pre-trial supervision pending sentencing.

Sisco's plea agreement contained a waiver of his right to appeal his sentence on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence. The plea agreement contained the following relevant provisions:

> 6.a.   in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable[.]"

>                                   \*\*\*

> 6.d.   the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range . . . .

15.b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposing of an unreasonable sentence.

***

19. If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

Before sentencing and while on pre-trial release, Sisco was charged with first degree murder, first degree assault, and two counts of armed criminal action in connection with a shooting that occurred in Kansas City, Missouri. Video surveillance at the Filling Station Bar and Grill showed Sisco and his brother, Sylvester Sisco, arguing with two other bar patrons. The Sisco brothers then each pulled out a firearm and shot one of the patrons several times. Police found the victim dead on the bar floor. The video further revealed that, after the shooting, Sisco struck another bar patron on the head with his firearm several times, rendering the patron unconscious. The Sisco brothers then fled the scene in separate vehicles. Later, they surrendered to police.

Based upon Sisco's conduct, the government filed a motion to declare Sisco in breach of his plea agreement, alleging that the state law crimes Sisco committed in Kansas City, Missouri, while on supervised release violated the condition of Sisco's federal plea agreement that prohibited the commission of "any crime." Sisco denied any breach of his plea agreement.

A preliminary presentence investigation report (PSR) issued before the Missouri charges had concluded that Sisco's Guidelines range was 121 to 151 months. After the Missouri charges, a revised PSR concluded that Sisco should not receive a three-level reduction for acceptance of responsibility and set his Guidelines range from 168 to 210 months. The government also filed notice that if the court found that Sisco breached his plea agreement, the government would seek an upward departure based on U.S.S.G. §§ 4A1.3 ("Departures Based on Inadequacy of Criminal History Category") and 5K2.0(a)(2) (Departures Based on Circumstances of a Kind Not Adequately Taken into Consideration).

At sentencing, Sisco did not oppose the government's motion to withdraw from the plea agreement. The government then filed a motion for an upward departure. The government entered into evidence the surveillance videotapes that showed Sisco and his brother at the bar shooting the unarmed victim eight times. Based on this evidence, the district court granted the government's motion to depart upward based upon an understated criminal history and sentenced Sisco to the maximum term of 480 months' imprisonment for the narcotics charges.

## II. *Discussion*

Sisco argues on appeal that the district court erred in sentencing him to 480 months' imprisonment contrary to the agreed term stated in his plea agreement. Sisco contends that the court should not have enhanced his sentence "based merely on charged misconduct for which there had been no trial or other adjudication of guilt." The government responds that the appeal waiver in Sisco's plea agreement is valid and

should be enforced. We agree and hold that Sisco's plea agreement and waiver are valid and, therefore, preclude any review on the merits.

### A. *Plea Agreement and Waiver of Appellate Rights*

A plea agreement is essentially a contract between the government and the defendant. *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). A defendant may waive his appellate rights pursuant to that agreement. *Id*. at 889. We have held that "[w]hen reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Id*. at 889–90. But, we will not enforce a waiver that results in a "miscarriage of justice." *Id*. at 890. The burden of proof is on the government to prove that "a plea agreement clearly and unambiguously waives a defendant's right to appeal." *Id*. Any ambiguities in the agreement are construed against the government. *Id*. Whether a valid waiver of appellate rights occurred is a question of law that we will review de novo. *United States v. Young*, 223 F.3d 905, 909 (8th Cir. 2000).

Sisco argues that the government breached its plea agreement duty not to seek an upward departure. The government counters that Sisco knowingly and voluntarily waived his right to appeal and that he cannot now challenge the sentence imposed unless he establishes that the sentence is illegal or constitutes a miscarriage of justice. To determine whether the waiver is enforceable we first must determine whether Sisco's appeal falls within the waiver's scope. If it does, we must then determine whether Sisco knowingly and voluntarily waived his appellate rights. Finally, we must determine whether the resulting sentence imposed would result in a miscarriage of justice. Only if we conclude that Sisco did not waive his right to appeal will we examine Sisco's argument that the government breached his plea agreement by seeking an enhanced sentence.

## 1. *Scope of Waiver*

Sisco pleaded guilty pursuant to a written plea agreement to possession with intent to distribute five grams or more of crack cocaine. At sentencing, the district court sentenced Sisco to the statutory maximum of 480 months' imprisonment, departing upward from the Guidelines range of 168 to 210 months. The district court departed upward based upon the unobjected to facts in the PSR and evidence introduced by the government showing Sisco's conduct that led to state murder charges while he was released pending sentencing in this case. The court permitted the government to seek an upward departure based upon Sisco's violation of his plea agreement conditions of release. The court concluded that Sisco's criminal history was understated and enhanced his sentence to account for his new state criminal charges.

Sisco's appeal waiver is broad and specifically states that Sisco "expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." The sentence imposed, while lengthy, does not exceed the statutory maximum for the crime of conviction. Nor is the sentence imposed an illegal sentence. We have repeatedly held that, in the face of a valid appeal waiver, any sentence within the statutory range is not subject to appeal. *Andis*, 333 F.3d at 892; *United States v. Benitez-Diaz*, 337 F.3d 1080, 1082 (8th Cir. 2003). Sisco's argument on appeal that the district court erred in departing upward from the Guidelines is not a ground excepted by the plea agreement. Sisco's appeal falls within the scope of the waiver.

## 2. *Knowingly and Voluntarily*

We have held that for a plea agreement to be valid, the defendant must enter into the agreement knowingly and voluntarily. *Deroo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Examples where an agreement may be entered into without the requisite knowledge and voluntariness include an agreement entered upon the

ineffective assistance of counsel or undue coercion. *Andis*, 333 F.3d at 890. In *Andis*, we stated that a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily by "properly question[ing] a defendant about his or her decision to enter that agreement." *Id.* at 891.

Here, the district court conducted the plea colloquy in which Sisco acknowledged reading the plea agreement, discussing it with his attorney, and signing it. The district court asked Sisco if he was under the influence of alcohol or narcotics to which he replied, "No, sir." The court asked Sisco if he had any concerns or complaints about the legal representation of his attorney to which Sisco replied, "No, sir." The court asked Sisco if he had read the agreement and discussed it with his attorney. Sisco replied, "Yes, sir." Sisco stated that no one had forced him to enter the agreement. Finally, the district court emphasized to Sisco that the plea agreement included a waiver of Sisco's right to appeal for a finding of guilt *and* his right to appeal his sentence. Sisco acknowledged understanding these consequences. Based on this colloquy, we hold that Sisco knowingly and voluntarily entered into the plea agreement.

### 3. *Miscarriage of Justice*

We will not enforce an "otherwise valid waiver if to do so would result in a miscarriage of justice." *Id*. Because waivers are contractual agreements between the government and the defendant, we will not lightly void these agreements. *Id*. Therefore, the "miscarriage of justice" exception is a narrow one that may arise in only limited contexts. *Id*. at 891–92. For example, we have held that a defendant may appeal an illegal sentence despite a valid waiver. *Id*. at 891–92. A sentence is illegal where it exceeds the statutory maximum. *Id*. at 992 (citing *United States v. Greatwalker*, 285 F.3d 727, 729 (8th Cir. 2002)). But "[a]ny sentence imposed within the statutory range is not subject to appeal." *Id*. at 892. Any appeal challenging a statutory sentence "should be summarily dismissed based on [the] waiver." *Id*. at 893. Sisco does not argue that the sentence is illegal because it exceeds the statutory

maximum. Rather, Sisco argues that the sentence is unreasonable based upon an alleged Guidelines departure error committed by the district court in arriving at the statutory maximum.

The record shows that the court accepted the PSR factual allegations and the evidence introduced by the government to show that Sisco had engaged in conduct that violated his release conditions and his plea agreement. In assessing criminal history, the sentencing judge may take into account charged offenses as well as convictions. U.S.S.G. § 4A1.3(a)(2)(D) (stating that information forming the basis for upward departure may include "[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense."); *see also United States v. Collins*, 104 F.3d 143, 145 (8th Cir. 1997) (holding that "[u]ncharged conduct can properly be considered when departing under U.S.S.G. § 4A1.3"). The government presented a videotape that captured the initial altercation between the Sisco brothers and their victims. The video showed in graphic detail Sisco and his brother fatally shooting a victim and dragging a second victim. The video also shows Sisco beating the second victim with a handgun until the victim became unconscious. Moreover, Sisco did not object to the findings in the revised PSR that detailed the slaying and subsequent assault. We have held that "unless a defendant objects to a specific factual allegation contained in the PSR, the [district] court may accept that fact as true for sentencing purposes." *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999). The relative brevity of the sentencing hearing alone does not establish that the sentence ultimately imposed was illegal. Based on this record, it was not a miscarriage of justice for the district court to find that Sisco's criminal history was understated when unobjected-to and uncontradicted evidence demonstrate that he shot and killed one victim and pistol-whipped another victim. This conduct certainly represents an unusual and egregious circumstance of a kind not adequately taken into account under § 5K2.0.

Sisco also argues that because the plea agreement did not outline his appellate rights in the event of a breach, the agreement should be construed against the government. Sisco's assertion that "ambiguities [in the plea agreement] are construed against the government" is correct. *Andis*, 333 F.3d at 890. But Sisco's plea agreement, knowingly and voluntarily entered, is not ambiguous. The plea agreement expressly states as follows:

19. If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

According to the plea, Sisco "will remain bound by the terms of the agreement" even if he breaches the agreement. The agreement is unambiguous. Sisco's breach of the agreement did not absolve him of his duties thereunder.

Sisco's breach of his plea agreement released the government from its duty to not seek an enhanced sentence, but it did not restore to Sisco the appeal rights he expressly waived. Sisco's actions did not render the entire plea agreement a legal nullity. If that were so, any defendant dissatisfied with the terms of his plea agreement could violate a condition and unilaterally declare its remaining terms unenforceable. In *United States v. Young*, we held that the government could use statements made during plea negotiations at trial despite a breach of the plea agreement by the defendant. 223 F.3d 905, 907, 911 (8th Cir. 2000). The defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine. *Id*. at 907. The defendant executed an affidavit admitting each element of the crimes

charged. *Id*. After executing the plea agreement, but before sentencing, the defendant was arrested for absconding from pre-trial supervision. *Id*. The government informed the defendant that it intended to introduce the affidavits at trial. *Id*. at 908. The defendant filed a motion in limine to exclude the affidavits. *Id*. The district court agreed with the defendant finding that he did not knowingly waive his Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 protections because the defendant was not made aware of these rights in the plea agreement. *Id*. On appeal, we held that the defendant knowingly and voluntarily waived his rights under the plea agreement. *Id*. at 911. The government was entitled to the "benefit of its bargain," and we allowed the use of the affidavit at trial. *Id*.

Here, Sisco knowingly and voluntarily entered into the plea agreement. As in *Young*, Sisco's unawareness of the precise consequences in the event of his plea breach does not make the waiver of appeal unknowing. *Id*. The agreement expressly states that, in the event of breach, the government would be released from its obligations but Sisco would "remain bound by the terms of the agreement." The government acted consistent with the plea agreement when it moved for an upward departure. Sisco validly waived his appeal rights. The consequences of Sisco's appeal waiver are severe, but, given the record in this case, it is not unjust. The district court's application of the Guidelines was covered by the waiver, and Sisco has not shown that the sentence ultimately imposed was illegal or constituted a miscarriage of justice under existing applicable precedent.

III. *Conclusion*

Accordingly, we dismiss this appeal.

_____