# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3424

_____

United States of America,              *
                                    *

          Appellee,      *
                                    *   Appeal from the United States
     v.                  *   District Court for the Western
                                    *   District of Missouri.

Ringling Dan Cohn,          *
                                    *     [UNPUBLISHED]
          Appellant.    *

_____

Submitted: December 2, 2009
Filed: December 9, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Ringling Dan Cohn (Cohn) pled guilty to four counts of bank fraud, in violation of 18 U.S.C. § 1344. After finding that Cohn had breached the agreement, the district court[1] sentenced Cohn to concurrent terms of 96 months in prison and 5 years of supervised release on all four counts. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he argues (1) the court erred in finding that Cohn breached his plea agreement; and (2) the 96-month prison sentence is unreasonable. Cohn has filed a pro se

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

supplemental brief disputing many of the facts contained in the presentence report and arguing that counsel rendered ineffective assistance.

Based on the live witness testimony presented at the sentencing hearing, we find the district court did not err in concluding Cohn breached the plea agreement. See United States v. Honken, 541 F.3d 1146, 1166 (8th Cir. 2008) (holding a district court's determination as to the credibility of a witness is virtually unreviewable on appeal), petition for cert. filed, (U.S. May 7, 2009) (No. 08-10252); United States v. Thompson, 403 F.3d 1037, 1039 (8th Cir. 2005) (stating issues pertaining to interpretation and enforcement of a plea agreement are reviewed de novo). Further, Cohn's claim that counsel rendered ineffective assistance is not properly raised in this direct criminal appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (concluding ineffective-assistance claims ordinarily should be raised in 28 U.S.C. § 2255 proceedings).

As to the sentencing issues, we will enforce the appeal waiver. The record reflects that Cohn understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver and the provision making the agreement binding on Cohn if he breached the agreement, and no injustice would result from enforcing the waiver. See United States v. Sisco, 576 F.3d 791, 798 (8th Cir. 2009) (enforcing appeal waiver after defendant's breach where the plea agreement expressly stated defendant would still be bound by terms of agreement if he breached agreement); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Finally, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the appeal waiver. We affirm the district court's finding that Cohn breached the plea agreement, and we dismiss the remainder of the appeal based on the appeal waiver.

_____