# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2322

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Deborah Faber, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 13, 2010
Filed: May 18, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

After Deborah Faber pleaded guilty to a drug-conspiracy offense, the District Court[1] sentenced her to sixty months in prison, the statutory minimum sentence, and four years of supervised release. On appeal, Faber's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that (1) the appeal waiver in Faber's plea agreement is unenforceable because she did not enter into it knowingly and voluntarily and (2) the sentence is unreasonable because the Court did not grant Faber safety-valve relief.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

After careful review, we will enforce the appeal waiver. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (holding that the court will enforce an appeal waiver and dismiss the appeal where the appeal falls within the scope of the waiver, both the plea agreement and the waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result), cert. denied, 540 U.S. 997 (2003). The record, including the transcript of the change-of-plea hearing, shows the requisite knowledge and voluntariness; Faber's sentencing challenge falls within the scope of the appeal waiver; and we find nothing to suggest that a miscarriage of justice would result from enforcing the waiver. See United States v. Sisco, 576 F.3d 791, 796 (8th Cir. 2009) (concluding that the defendant entered into a plea agreement with an appeal waiver knowingly and voluntarily where he admitted that he read the agreement and discussed it with his attorney, was not under influence of drugs or alcohol, had no complaints about his legal representation, had not been forced to enter into the agreement, and where the court emphasized that the plea agreement included an appeal waiver and the defendant acknowledged that he understood).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), for any nonfrivolous issues not covered by the waiver, we find none. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____