# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1302

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Alfredo Sauz-Flores, also known as | * | |
| Alfredo Sauz, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 19, 2010
Filed: August 24, 2010

_____

Before WOLLMAN, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, which contained an appeal waiver, Alfredo Sauz-Flores pleaded guilty to conspiracy to distribute methamphetamine in an amount greater than 50 grams, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] sentenced him to 360 months in prison--in accord with the plea agreement--and 10 years of supervised

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

We will enforce the appeal waiver in this case, because the record shows the requisite knowledge and voluntariness, the appeal is within the scope of the waiver, and no injustice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to question defendant properly about decision to enter agreement and to waive right to appeal); see also United States v. Sisco, 576 F.3d 791, 796 (8th Cir. 2009) (enforcing appeal waiver and finding no miscarriage of justice in appeal challenging sentence as unreasonable because sentence did not exceed statutory maximum); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel's motion to withdraw and we dismiss this appeal.

_____