# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3215

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Margie P. Shephard, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 16, 2011
Filed: March 21, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Margie P. Shephard pleaded guilty to a charge of conspiracy to commit identity theft and bank fraud and to a charge of aggravated identity theft. The District Court[1] ordered the negotiated plea set aside because it offered insufficient sentencing options, and Shephard withdrew her initial guilty plea.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

The parties then entered into a second plea agreement, containing an appeal waiver, in which Shephard agreed to plead guilty to conspiring to commit identity theft and bank fraud, 18 U.S.C. § 371; committing aggravated identity theft, 18 U.S.C. § 1028A; and obstructing justice, 18 U.S.C. § 1503. The District Court accepted Shephard's plea, varied upward from the Guidelines range as to Count 3, and sentenced Shephard to a total of 120 months in prison and three years of supervised release, citing her extensive criminal history. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court erred by rejecting the initial plea agreement and imposing an unreasonable sentence and that the district judge plainly erred by not recusing himself after rejecting the initial agreement.

We will enforce the appeal waiver in this case because the record shows that (1) Shephard entered into the plea agreement and agreed to the appeal waiver knowingly and voluntarily, (2) this appeal falls within the scope of the waiver, and (3) enforcing the waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (describing the circumstances under which the appellate court should enforce an appeal waiver and dismiss the appeal), cert. denied, 540 U.S. 997 (2003); see also United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009) (reiterating that in the face of a valid appeal waiver, a sentence within the statutory range is not subject to appeal); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing an appeal waiver in an Anders case).

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and find no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____