# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2260

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Cortez Adams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 9, 2011
Filed: July 14, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Cortez Adams appeals from the district court's[1] denial of his motion to withdraw his guilty plea. The Appellant argues that the district court abused its discretion in denying his motion because family pressure to plead guilty constituted a fair and just reason for withdrawal. The government moves to dismiss based on the appeal waiver contained in the Appellant's plea agreement, and we grant the motion.

_____

[1] The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

The Appellant was indicted for his alleged participation in three bank robberies with his two brothers, Antonio and Frank Adams. The Appellant was charged with three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and three counts of using or carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The Appellant's two brothers each pled guilty for their involvement in the crimes, and as part of Frank Adams's plea agreement, he agreed to testify against the Appellant should the Appellant not plead guilty.

On February 17, 2010, the Appellant pled guilty. As part of the Appellant's plea agreement, the government agreed to drop two of the three firearm counts and recommend a sentence of 23 years imprisonment for the remaining counts. The plea agreement also contained an appeal waiver, in which the Appellant waived his right to appeal the "taking or acceptance of the guilty plea or the factual basis for the plea."

On March 31, 2010, the Appellant moved to withdraw his guilty plea. In an affidavit submitted with his motion, the Appellant asserted that his mother had pressured him into pleading guilty to spare Frank Adams from having to choose between testifying against his brother or risking his plea agreement. The district court denied the Appellant's motion. At sentencing, the district court accepted the recommendation in the plea agreement and sentenced the Appellant to 23 years imprisonment.

The Appellant challenges the district court's denial of his motion to withdraw his guilty plea, but his appeal is precluded by the appeal waiver contained in his plea agreement. We will enforce an appeal waiver if the appeal falls within its scope, the plea agreement was entered into knowingly and voluntarily, and doing so would not constitute a miscarriage of justice. United States v. McIntosh, 492 F.3d 956, 959 (8th Cir. 2007). The Appellant's attempt to withdraw his guilty plea falls squarely within the scope of his appeal waiver, which covers the "taking or acceptance of the guilty plea or the factual basis for the plea." The Appellant contends he entered into the

plea agreement under duress, but the record shows the requisite voluntariness. The district court emphasized to the Appellant that he was giving up his right to appeal his guilty plea and thoroughly questioned the Appellant about his reasons for entering into the plea agreement. Based on the Appellant's testimony and lengthy colloquy with the district court, we hold that the Appellant knowingly and voluntarily entered into the plea agreement. United States v. Sisco, 576 F.3d 791, 796 (8th Cir. 2009). Finally, there is no suggestion that enforcement of the waiver would constitute a miscarriage of justice.

Accordingly, the Appellant may not challenge the denial of his motion to withdraw his guilty plea. We grant the government's motion and dismiss the appeal.

_____