# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3633

_____

United States of America,           *
                                     *
            Appellee,                *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   Western District of Missouri.
Lamont E. President,                 *
                                     *        [UNPUBLISHED]
            Appellant.               *

_____

Submitted: November 18, 2011
Filed: February 10, 2012

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Lamont President pleaded guilty to carrying and using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, President argues that the district court[1] erred in imposing a 120-month sentence instead of the 60-month sentence stated in his plea agreement. We affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

## I. *Background*

On March 3, 2009, police officers arrested President in Kansas City, Missouri, at a barbershop under a warrant for allegedly assaulting his pregnant wife. During the arrest, officers found a Glock, Model 27, .40-caliber pistol in President's possession. Ultimately, President admitted that he possessed the firearm in connection with cocaine distribution in exchange for a plea deal.

As a part of his plea agreement with the government, President pleaded guilty to carrying and using a firearm in relation to a drug trafficking offense. The plea agreement was subject to the district court's approval and contained an appeal waiver. This waiver stated in relevant part:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

At the change-of-plea hearing, the district court noted that the statutory imprisonment range was between 60 months' and life imprisonment. After discussing this range with counsel for both the government and President, the district court asked President if he understood that the court could sentence him within this range despite the 60-month sentence stated in the plea agreement. President acknowledged this fact, but did not seek to withdraw his plea. After reviewing the factors outlined in 18 U.S.C. § 3553, the district court found the plea agreement's 60-month sentence

inadequate and imposed an upward variance[2] of 60 months—making President's total sentence 120 months. In imposing the sentence, the district court stated:

> Taking into consideration all of the factors set forth under 18 U.S.C., Section 3553, including the nature and circumstances of this offense, the defendant's history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, as well as afford adequate deterrence to criminal conduct and to protect the public from future crimes of the defendant, which given the defendant's history seems to be a significant factor for consideration, I believe that a sentence of 120 months in the custody of the Bureau of Prisons is a reasonable and appropriate sentence and I'm going to impose that sentence in this case.[3]

## II. *Discussion*

On appeal, President argues that the district court abused its discretion by departing upward by 60 months and erred by not providing notice of an intent to depart upward under the Guidelines pursuant to Rule 32(h). The government responds that President waived his right to appeal the district court's upward variance in his

---

[2]Although President alleges that the district court departed upward, the district court actually imposed an upward variance. "Departure is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. A variance, on the other hand, is a non-Guidelines sentence[ ] based on the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Mireles*, 617 F.3d 1009, 1012 n.2 (8th Cir. 2010) (alteration in original) (citations and quotations omitted). Here, the district court expressly relied on 18 U.S.C. § 3553 factors in imposing a variance rather than a departure from the Guidelines.

[3]President's history included charges for assault for punching a woman, assault on a law enforcement officer, indecent conduct, marijuana possession, and violations of various city ordinances. In addition, President had a lengthy criminal record as a juvenile.

plea agreement, and that because the district court imposed an upward variance, rather than a departure, Rule 32(h) did not require the district court to provide notice.

A. *Whether President Waived His Right To Challenge the Substantive Reasonableness of His Sentence*

"Whether a valid waiver of appellate rights occurred is a question of law that we will review de novo." *United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009). "A plea agreement is essentially a contract between the government and the defendant." *Id.* "A defendant may waive his appellate rights pursuant to that agreement." *Id.* "[T]his court will enforce an appeal waiver if: (1) the record indicates that the defendant entered into the agreement and the waiver knowingly and voluntarily; (2) the appeal falls within the scope of the waiver; and (3) enforcing the waiver would not result in a miscarriage of justice." *United States v. Birbragher*, 603 F.3d 478, 491 (8th Cir. 2010). "The burden of proof is on the government to prove that a plea agreement clearly and unambiguously waives a defendant's right to appeal." *Id.* at 491 (quotation and citation omitted). "Any ambiguities in the agreement are construed against the government." *Id.* (quotation and citation omitted).

On appeal, President seeks the benefits of the plea agreement's low-end Guidelines sentence, but desires to avoid the detriment of the agreement's consequential appeal waiver. At the plea colloquy, the district court asked President if he understood that he was pleading guilty to the charges alleged by the government and that the court, not bound by the plea agreement, could sentence him to more than 60-months' imprisonment. President responded affirmatively. Under these facts, we find that President knowingly and voluntarily entered into the plea agreement.

Next, we review whether this appeal falls within the scope of the plea agreement's waiver provision. That provision states in relevant part:

The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

President does not allege ineffective assistance of counsel or prosecutorial misconduct. Consequently, under the terms of his plea agreement to avoid the appeal waiver, President must show that his sentence is illegal.

Because President only alleges that the district court abused its discretion—resulting in an unreasonable sentence—President's appeal falls within the plain language of his plea agreement, which states at relevant part: "An 'illegal sentence' . . . does *not* include less serious errors, such as . . . an abuse of discretion, or the imposition of an unreasonable sentence."

Finally, we review whether enforcing President's appeal waiver results in a miscarriage of justice. "[T]he 'miscarriage of justice' exception is a narrow one that may arise in only limited contexts . . . . But '[a]ny sentence imposed within the statutory range is not subject to appeal.'" *Sisco*, 576 F.3d at 796 (second alteration in original) (quotation and citations omitted)).

Here, President's sentence undisputedly falls within the 60 months to life imprisonment statutory range. We conclude that enforcing the appeal waiver will not result in a miscarriage of justice.

B. *Whether the District Court Failed to Provide Notice Pursuant to Rule 32(h)*
President also argues that the district court erred by not providing notice of an intent to depart upward as required by Rule 32(h). But as noted in footnote two, the

district court imposed an upward variance rather than a departure. Rule 32(h) does not require that a district court give notice of an upward variance. *United States v. Foy*, 617 F.3d 1029, 1035 (8th Cir. 2010) ("As the district court correctly noted, however, it was not required to provide advance notice of its intent to vary upwardly."). "Federal Rule of Criminal Procedure 32(h) 'provides that under certain circumstances the district court must give notice to the parties that it is contemplating a departure from the guidelines range. However, notice pursuant to Rule 32(h) is not required when the adjustment to the sentence is effected by a variance, rather than by a departure.'" *Id.* (quoting Fed. R. Crim. P. 32(h)). Because the district court imposed an upward variance, Rule 32(h) did not require that it give President notice.

In sum, President knowingly and voluntarily entered into a plea agreement with an appeal waiver. The challenge to the substantive reasonableness of his sentence on appeal falls within the scope of that waiver and enforcing that waiver will not result in a miscarriage of justice. We hold that President's plea agreement and waiver are valid and thus preclude review on the merits of his challenge to the substantive reasonableness of his sentence. We further hold that Rule 32(h) did not require the district court to give President notice of an intent to impose an upward variance.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court. Appellee's pending motion to dismiss the appeal is denied as moot.

_____