# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2825
_____

United States of America

*Plaintiff - Appellee*

v.

Earl D. Dowty

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: October 15, 2012
Filed: October 26, 2012
[Unpublished]

_____

RILEY, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Earl D. Dowty pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dowty

challenges the district court's[1] admission of certain evidence and his sentence. We grant the government's motion to dismiss Dowty's appeal based upon his valid and enforceable waiver of his appellate rights.

## I.    BACKGROUND

Dowty pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm. In the plea agreement, Dowty agreed to waive "all defenses and his right to appeal any non-jurisdictional issues," except

> any decision by the [district court] to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the [district court] impose an upward departure or an upward variance pursuant to [1]8 U.S.C. § 3553(a).

The district court engaged in a lengthy colloquy to ensure Dowty's guilty plea was knowing and voluntary. Dowty acknowledged the appeal waiver "limited [his] right to appeal to jurisdictional issues and to instances where the [district court] has varied or departed upward in [his] sentence."

After calculating an advisory United States Sentencing Guidelines range of 140 to 175 months imprisonment, the district court imposed the statutory maximum sentence of 120 months imprisonment. See 18 U.S.C. § 924(a)(2).

## II.    DISCUSSION

Dowty now appeals (1) his sentence as procedurally improper and substantively unreasonable; and (2) in a pro se supplemental brief, the district court's admission of certain evidence Dowty claims was seized in violation of the Fourth Amendment and South Dakota law.

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

The government moved to dismiss Dowty's appeal, claiming the appeal is foreclosed by the appeal waiver. We will enforce an appeal waiver if the government proves (1) "the appeal falls within the scope of the waiver"; (2) the defendant entered into the plea agreement and the waiver "knowingly and voluntarily"; and (3) enforcing the waiver will not "result[] in a 'miscarriage of justice.'" United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009) (quoting United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003)) (internal quotation marks omitted).

Dowty's appeal falls within the scope of the waiver in his plea agreement. Dowty's arguments are non-jurisdictional, and the district court did not impose an upward departure or variance. Dowty's contention the appeal waiver "is silent as to the reasonableness of [Dowty's] sentence" ignores the waiver's plain language forbidding all non-jurisdictional appeals except in the limited circumstances of an upward departure or variance.

Both Dowty's guilty plea and his waiver of appellate rights were knowing and voluntary, as demonstrated by the district court's extensive plea colloquy. See id. at 796 (concluding a plea agreement and waiver of appellate rights were knowing and voluntary when the defendant indicated he read and understood the plea agreement and appeal waiver, discussed them with his attorney, was not coerced and entered into them voluntarily, and was not under the influence of drugs or narcotics).

Dowty maintains not allowing "him to appeal the reasonableness of his sentence under 18 U.S.C. § 3553(a) at this time would cause a miscarriage of justice." "[A]n allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion" does not indicate a miscarriage of justice and "is not subject to appeal in the face of a valid appeal waiver." Andis, 333 F.3d at 892. We have reviewed the entire record, including the Presentence Investigation Report, from which Dowty withdrew his objections, and we conclude no injustice for Dowty resides in this case.

## III.  CONCLUSION

Dowty's waiver of his appellate rights is valid and does not give rise to a miscarriage of justice.  We grant the government's motion to dismiss the appeal.

_____