# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2530

_____

United States of America

*Plaintiff - Appellee*

v.

Jovon Naylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: May 17, 2019
Filed: June 27, 2019
[Unpublished]

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jovon Naylor appeals his 120-month sentence following his plea of guilty to firearm offenses and conspiracy to distribute cocaine. He complains that this federal sentence should not have been ordered to be served consecutive to an undischarged Iowa state court sentence for burglary and criminal gang participation. Naylor was convicted of the Iowa offenses in April 2017 for forcing his way into a woman's

house, assaulting her, and stealing from her, at the behest of, and for the benefit of, his street gang. According to the presentence investigation report, Naylor's tentative release date from Iowa prison for that charge is April 2021. The district court[1] determined that the current federal charges were separate and distinct from the state charges and that it was appropriate to run Naylor's sentence as consecutive under United States Sentencing Guidelines Manual § 5G1.3(d). See 18 U.S.C. § 3584 (directing the district court in dealing with multiple terms of imprisonment). Naylor did not object at sentencing to the federal sentence being ordered to be served consecutively to any state sentence, so our review, if we undertake it, would be for plain error. United States v. Poe, 764 F.3d 914, 916 (8th Cir. 2014).

Naylor, however, waived his right to appeal the sentence. As part of his written guilty plea, Naylor agreed that he could appeal only if the sentence given did not conform to the plea agreement, was in excess of the statutory maximum, or was otherwise constitutionally defective. The waiver allows Naylor the right to raise ineffective assistance of counsel at a later time. The government contends that the appeal waiver governs here and that we should dismiss on that basis. In United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009), we found that a waiver should be enforced if (1) the waiver is knowing and voluntary; (2) the issues on appeal fall within the scope of the waiver; and (3) enforcement of the waiver would not result in a miscarriage of justice. If Naylor were challenging the appeal waiver, the burden to prove its validity would be on the government. Id.

The voluntariness of Naylor's waiver of appeal, written into the plea agreement, is not in dispute. And, none of the circumstances which would allow an appeal as outlined in the waiver are present. Finally, we find no miscarriage of justice would result in enforcing the appeal waiver. Id. Accordingly, we dismiss the appeal.

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.