# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1638

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jay Harrison Lee Carder

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

——————————

Submitted: March 9, 2020
Filed: May 20, 2020
[Unpublished]

——————————

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Following a guilty plea to one count of conspiracy to distribute a detectable amount of heroin and one count of conspiracy to distribute a detectable amount of methamphetamine, both in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846,

the district court[1] sentenced Jay Carder to 100 months imprisonment on each count, with the sentences running concurrently, and entered a cash forfeiture order. After one appeal and a remand to correct the forfeiture amount based on an erroneous calculation, Carder again appeals. He asserts that the district court committed plain error by misstating at re-sentencing that Carder's 100-month sentence was at the low end of his United States Sentencing Guidelines range and by not reconsidering Carder's term of imprisonment when it corrected the forfeiture amount from $540,000 to $18,000. We dismiss the appeal in accordance with the appeal waiver in the parties' plea agreement.

Carder's convictions arise from his participation as a low-level distributor in a methamphetamine and heroin drug-trafficking operation in Missouri and northeast Kansas. Following his indictment on conspiracy to distribute heroin and methamphetamine charges under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, Carder entered into a plea agreement, in which he agreed to plead guilty to lesser-included charges of conspiracy to distribute heroin and methamphetamine under 21 U.S.C. §§841(a)(1), (b)(1)(C), and 846. In the plea agreement, Carder admitted to the relevant conduct and acknowledged that he would be subject to a forfeiture order, with the total amount based on the amount of controlled substances attributed to him. The plea agreement also contained an appeal waiver, which provided:

> a. The defendant acknowledges, understands and agrees that by his *unconditional* plea of guilty pursuant to this plea agreement he waives the right to appeal or collaterally attack a finding of guilt *or* denial of a motion to withdraw his guilty pleas following the acceptance of his pleas of guilty pursuant to this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

b. The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" is a sentence imposed in excess of the statutory maximum. It is *not* a misapplication or miscalculation of the Sentencing Guidelines, an abuse of discretion, the imposition of an unreasonable sentence, or the imposition of a sentence different from that recommended by either party. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

R. Doc. 405, at 12.

At the change-of-plea hearing, the district court specifically discussed the appeal-waiver provision with Carder, discussing the rights that Carder was agreeing to waive and obtaining assurances from Carder that he was aware he was relinquishing these rights. At sentencing, the district court sentenced Carder to a within-Guidelines range sentence of 100 months imprisonment on each count, with the sentences running concurrently. This term of imprisonment was towards the upper end of the 84-105 months Guidelines range. The district court also ordered Carder to forfeit $540,000, which represented his involvement in the drug-distribution scheme.

Despite the appeal waiver, Carder filed a direct appeal, arguing that the district court committed plain error in calculating the forfeiture amount. Instead of calculating the forfeiture amount as specified in the plea agreement of $1,200 per ounce, the district court erroneously calculated it as $1,200 per gram, which resulted in an inflated forfeiture amount of $540,000. The correct calculation would have resulted in a forfeiture amount of $18,000. The government conceded this error and

requested that the case be remanded to the district court for recalculation of the forfeiture amount. This Court remanded to the district court, "for further proceedings consistent with the United States' motion for remand." United States v. Carder, No. 18-1534. After remand, the district court entered an amended judgment which again included the 100-month term of imprisonment but amended the forfeiture order to the amount of $18,000. The district court did not revisit Carder's 100-month sentence, stating only that "Mr. Carder got the low end of the [G]uidelines in this case." Carder again appeals, arguing that the district court plainly erred by limiting resentencing to recalculation of the forfeiture amount and by erroneously stating that Carder received a sentence at the low end of the Guidelines range.

We need not consider the merits of Carder's arguments because, as the government argues, Carder waived his right to appeal on these bases. We review the validity and applicability of a defendant's appeal waiver de novo. United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010). "A plea agreement is essentially a contract between the government and the defendant. A defendant may waive his appellate rights pursuant to that agreement." United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009) (citation omitted). "An appeal waiver requires dismissal of an appeal if the plea agreement and waiver were entered into knowingly and voluntarily, if the appeal falls within the scope of the waiver, and if dismissal of the appeal would not result in a miscarriage of justice." Scott, 627 F.3d at 704.

Carder makes no allegations that he entered into his plea agreement or appeal waiver unknowingly or involuntarily, a fact that the record underscores. At the change-of-plea hearing, the district court questioned Carder about entering into a guilty plea, specifically questioning Carder about the paragraph of the plea agreement containing the appeal waiver. The district court ensured that Carder was competent to enter his plea and that he both understood what rights he was giving up and that he was doing so voluntarily. Carder's statements, in the face of this questioning, that he had read and understood his plea agreement, reviewed it with his attorney, was

entering into it of his own volition, and that he understood what rights he was relinquishing, satisfy us that he entered into both his plea agreement and appeal waiver knowingly and voluntarily. See id. (concluding defendant knowingly and voluntarily entered into plea agreement and appeal waiver where he was questioned by court about waiver and stated he understood he was giving up his right to appeal his sentence).

Further, Carder's claims fall within the scope of the appeal waiver, in which Carder agreed to waive the right to appeal his sentence except for claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. Carder raises none of those claims here. Carder's claims relate to a misstatement by the district court at resentencing. Carder asserts that the district court's incorrect statement regarding Carder's sentence as being at the "low end of the [G]uidelines" indicates that the district court would have sentenced Carder at the lower end of his Guidelines range based on the significantly reduced forfeiture amount, but mistakenly believed it had already done so. Carder asserts that the district court could or would have reduced his term of imprisonment if it had reconsidered it at resentencing. But the district court's misstatement had no bearing on the underlying validity of the sentence. The statement was made only in passing at resentencing where the district court merely corrected a mathematical error. Even assuming, however, that it did bear on the validity of the sentence, this misstatement would amount to no more than a claim that the district court misapplied or miscalculated the Guidelines range, grounds for an appeal which Carder waived. As to Carder's challenge to whether the district court should have reconsidered his term of imprisonment at resentencing, nothing in that argument raises issues within the three categories for which Carder is entitled to bring an appeal. The district court's decision not to revisit the term of imprisonment was an exercise of its discretion, which Carder expressly waived as a ground for appeal. The appeal waiver thus encompasses the claims Carder tries to assert on appeal.

Finally, enforcing the appeal waiver and dismissing Carder's appeal will not result in a miscarriage of justice.  United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) ("Assuming that a waiver has been entered into knowingly and voluntarily, we will still refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice.").  "Although we have not provided an exhaustive list of the circumstances that might constitute a miscarriage of justice," we have emphasized that the scope of this rule is narrow, and only arises in limited contexts.  Id. at 891-92.  We have also recognized that "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver."  Id. at 892.  As Carder's claims consist of no more than challenges to the district court's application of the Guidelines or exercise of its discretion, we find that no miscarriage of justice will result from enforcing Carder's appeal waiver.

For the foregoing reasons, we enforce Carder's appellate waiver and dismiss this appeal.

_____