# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2564

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey J. Hester-Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: April 16, 2020
Filed: August 12, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jeffrey Hester-Jackson pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute oxycodone in violation of 21 U.S.C.

§ 846. The district court[1] calculated a Sentencing Guidelines range of 57–71 months and imposed a 68-month sentence. Hester-Jackson appeals, alleging the district court erred in calculating both his offense level and his criminal-history score. The government moves to dismiss based on an appeal waiver.

The parties entered into a plea agreement in this case in which they "agree[d] that they expect[ed] the following Sentencing Guidelines may apply": a base offense level of 24 and a three-level enhancement for Hester-Jackson's role in the offense. Hester-Jackson reserved the right to contest the role enhancement at sentencing. The plea agreement further stated that neither the Probation Office nor the Court was "bound by the agreement of the parties as to the Sentencing Guidelines." The agreement also contained an appeal waiver in which Hester-Jackson "reserve[d] only the right to appeal from a sentence that [wa]s greater than the upper limit of the Court-determined Sentencing Guidelines range."

"We review _de novo_ whether a defendant waived the right to appeal a sentence." United States v. Azure, 571 F.3d 769, 772 (8th Cir. 2009). Hester-Jackson "does not dispute he knowingly and voluntarily waived his appellate rights." See United States v. Andis, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc) (both waiver and plea agreement must be entered into "knowingly and voluntarily"). Instead, Hester-Jackson asserts that his appeal does not fall within the scope of the waiver. Id. ("When reviewing a purported waiver, we must confirm that the appeal falls with the scope of the waiver . . . ."). Specifically, he argues that because the district court erred in calculating his Guidelines range, his sentence was "greater than the upper limit of the Court-determined Sentencing Guidelines range." He reasons that, had the district court sustained one or both of his objections at sentencing, his Guidelines range would have been lower; and a

---

[1]The Honorable Daniel L. Hovland, then Chief Judge, United States District Court for the District of North Dakota.

sentence of 68 months is "greater than the upper limit" of these alternative, lower ranges.

We conclude that the government has met its burden of proving that the plea agreement in this case "clearly and unambiguously waives [Hester-Jackson's] right to appeal." See United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009) (quoting Andis, 333 F.3d at 890). Any agreements reached by Hester-Jackson and the government in the plea agreement regarding the application of the Sentencing Guidelines did not bind the district court. Instead, the district court was required to calculate its own "Court-determined Sentencing Guidelines range." Indeed, the court had to resolve Hester-Jackson's objection to the role enhancement and determine his criminal-history category, as the parties had not reached an agreement as to either. At sentencing, the district court overruled Hester-Jackson's objections, calculated a Sentencing Guidelines range of 57–71 months, and imposed a within-range sentence of 68 months. Hester-Jackson makes no argument that enforcing the appeal waiver in his case "would result in a miscarriage of justice," Andis, 333 F.3d at 890, and we agree that it would not. As a result, Hester-Jackson's appeal waiver applies, and we dismiss his appeal.

_____