# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1146
_____

United States of America

*Plaintiff - Appellee*

v.

Kim Rolene Hutterer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 15, 2012
Filed: February 19, 2013

_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Kim Rolene Hutterer pleaded guilty to making threatening interstate communications, in violation of 18 U.S.C. § 875(c) ("Count 2"), and mailing threatening communications, in violation of 18 U.S.C. § 876(c) ("Count 4"). The

district court[1] sentenced Hutterer to 180 months' imprisonment. Hutterer appeals her sentence, arguing that the district court abused its discretion by imposing a substantively unreasonable sentence. We affirm.

## I. *Background*

In 1991, Federal Bureau of Investigation Agent Dean Scheidler investigated Hutterer in connection with threats to blow up a commercial airliner, and Hutterer was subsequently arrested. During her pretrial detention, Hutterer carved "death to Scheidler" on seating in her jail cell. Hutterer was convicted of providing false information concerning a bomb on an airliner and sentenced to 30 months' imprisonment. While serving that sentence, Hutterer assaulted and threatened to kill Bureau of Prisons Officer Blaine Patterson. Upon her release from prison, Hutterer began sending Officer Patterson personal letters to his work and also obtained his home addresses and telephone numbers. On September 21, 2010, Hutterer called Officer Patterson's work and threatened to kill him.[2] In October 2010, she sent Officer Patterson a letter professing her love for him. She also threatened to bomb the facility in which he worked.

While in state custody on an unrelated terroristic threats conviction in October 2010, and following her release from state custody in March 2011, Hutterer sent sexually-explicit, threatening, and harassing letters, telephone messages, and text messages to Agent Scheidler's work and home. Some of the letters included pictures of a knife dripping with blood with the agent's name on it, and other letters described in explicit detail how Hutterer planned to kill Agent Scheidler, sleep with him, and commit other grotesque acts. Hutterer included some of Agent Scheidler's private, confidential information in her harassing communications. She even carved Agent

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

[2]This conduct forms the basis of Count 2.

Scheidler's name in her arm with a staple. In one of the letters, Hutterer threatened other officials, including Vice President of the United States Joe Biden. Hutterer often included Agent Scheidler's family members in her threats, and she also threatened to damage federal buildings. On March 29, 2011, Hutterer placed threatening correspondence in the mail to Agent Scheidler's home.[3]

The government indicted Hutterer on four counts: making threats against the Vice President of the United States on October 19, 2010, in violation of 18 U.S.C. § 871(a) ("Count 1"); making threatening interstate communications on September 21, 2010, in violation of 18 U.S.C. § 875(c) ("Count 2"); mailing threatening communications on October 19, 2010, in violation of 18 U.S.C. § 876(c) ("Count 3"); and mailing threatening communications on March 29, 2011, in violation of 18 U.S.C. § 876(c) ("Count 4"). Following Hutterer's indictment, the district court ordered that Hutterer "have no contact, directly or indirectly, with Special Agent Scheidler, his family, Lieutenant Patterson[,] or any law enforcement officer."

Pursuant to a plea agreement, Hutterer pleaded guilty to Count 2 and Count 4, and the government dismissed the remaining counts. The parties agreed that (1) the base offense level applicable to each count was 24, *see* U.S.S.G. § 4B1.1(b)(E); (2) the total offense level applicable to each count was 26 because the counts did not group together but instead counted as two units, *see* U.S.S.G. §§ 3D1.2 and 3D1.4(a); (3) the government would recommend a three-level reduction for acceptance of responsibility contingent on, among other things, Hutterer "commit[ting] no further acts inconsistent with acceptance of responsibility," *see* U.S.S.G. § 3E1.1; (4) the criminal history category was VI based on Hutterer's qualification as a career offender, *see* U.S.S.G. § 4B1.1(b); and (5) the Guidelines range was 92 to 115 months' imprisonment based on an adjusted offense level of 23 and a criminal history category of VI.

---

[3]This conduct forms the basis of Count 4.

After pleading guilty, Hutterer continued to write letters to Agent Scheidler, his wife, and other law enforcement officers. The presentence investigation report (PSR) calculated a total offense level of 27 after recommending (1) a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on the letters that Hutterer sent to Agent Scheidler and his family, (2) an "official victim" enhancement under U.S.S.G. § 3A1.2(a) and (b) because Hutterer's victims were government employees and Hutterer was motivated by their status as such, and (3) the denial of an acceptance-of-responsibility reduction because Hutterer's obstructive behavior was inconsistent with U.S.S.G. § 3E1.1. A total offense level of 27, combined with a criminal history category of V, resulted in an advisory Guidelines range of 120 to 150 months' imprisonment.

At sentencing, the government moved for an upward variance of 30 months. Hutterer objected to the two-level enhancement for obstruction of justice, the denial of acceptance of responsibility, and the "official victim" enhancement. The district court adopted the PSR's finding that the advisory Guidelines range was 120 to 150 months' imprisonment based upon a total offense level of 27 and a criminal history category of V. Prior to imposing the sentence, the district court heard Agent Scheidler's testimony regarding the adverse effects of Hutterer's conduct upon his family.

Thereafter, the district court granted the government's variance motion and sentenced Hutterer to 180 months' imprisonment. In justifying its sentence, the district court stressed that it considered the 18 U.S.C. § 3553(a) factors of just punishment, deterrence, public safety, and the promotion of the law. The district court highlighted Hutterer's long criminal history, her mental illness for which she refuses to seek help, and the ongoing nature of Hutterer's threats. The district court also considered that Hutterer had suffered abuse in the past. Summarizing the basis for its upward variance, the district court stated that threats to law enforcement officers and their families are "absolutely not tolerable under any circumstance and may not be

permitted to exist within a peaceful society." The district court also found "that aggravating circumstances exist that were not adequately considered by the Sentencing Commission" and that Hutterer's criminal conduct was "escalating."

## II. *Discussion*

On appeal, Hutterer argues that her 180-month sentence is substantively unreasonable. Specifically, she asserts that (1) the obstruction-of-justice enhancement should not apply because the letters she sent to the officers were intercepted, (2) the "official victim" enhancement should not apply because her actions were based on her personal attraction/repulsion to Agent Scheidler and Officer Patterson and not based on their official status, (3) she should have received a downward adjustment for acceptance of responsibility since she pleaded guilty, and (4) the court gave undue consideration to the victims' law enforcement status and not enough to her mental illness and her inability to carry out threats while incarcerated.

"'We review the reasonableness of a sentence under a deferential abuse-of-discretion standard . . . .'" *United States v. Hull*, 646 F.3d 583, 588 (8th Cir. 2011) (quoting *United States v. Vinton*, 631 F.3d 476, 487 (8th Cir. 2011)). We first consider procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then consider the substantive reasonableness of the sentence, where we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id*. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id*. "'[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir.

2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

## A. *Obstruction of Justice*

Under U.S.S.G. § 3C1.1, a defendant who "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" may receive a two-level increase in his offense level. We have held that an obstruction-of-justice enhancement is warranted where the defendant "'attempted to obstruct or impede[ ] the administration of justice'" with behavior that was "'threatening, intimidating, or otherwise unlawfully influencing.'" *United States v. Smith*, 665 F.3d 951, 957 (8th Cir. 2011) (alteration in original) (quoting U.S.S.G. § 3C1.1).

Here, we conclude that the district court properly imposed an obstruction-of-justice enhancement under § 3C1.1. Scheidler's knowledge of Hutterer's conduct made him a likely witness in future proceedings affecting Hutterer. In one instance, Hutterer threatened Agent Scheidler in a handwritten letter to the FBI. Hutterer, speaking of Scheidler, said:

> I would slowly cut skin off his body. Making small cuts to slowly allow the blood to drip out. I would cut his eyelids off. Break each of his fingers. Cut his palms open. I would make small cuts on Dean's penis and balls and watch the blood drip to the floor.

Such statements made against a potential witness could reasonably be concluded as intended to obstruct or impede the administration of justice.

## B. *"Official Victim" Enhancement*

According to U.S.S.G. § 3A1.2(a), a defendant may receive a three-level increase in offense level if "the victim was (A) a government officer or employee; (B) a former government officer or employee; or (C) a member of the immediate family

of a person described in subdivision (A) or (B); and (2) the offense of conviction was motivated by such status."

In the present case, we find that the district court properly imposed an "official victim" enhancement under § 3A1.2(a) because Hutterer's conduct toward both Agent Scheidler and Officer Patterson derived directly from their positions as government officials.

## C. *Acceptance of Responsibility*

A defendant who "clearly demonstrates acceptance of responsibility for his offense" may receive a two-level decrease in offense level. U.S.S.G. § 3E1.1(a). "Ordinarily, a defendant who obstructs justice is not entitled to the reduction for acceptance of responsibility." *Smith*, 665 F.3d at 957. Only in "extraordinary cases" will defendants found to have obstructed justice "be eligible for the acceptance of responsibility reduction." *Id*. (quotation and citation omitted). This court has

> identified a number of non-exclusive factors for the district courts to consider in deciding whether a case is "extraordinary." These include whether
>
> > the obstruction of justice was an isolated incident early in the investigation or an on-going effort to obstruct the prosecution[,] . . . whether [the defendant] voluntarily terminated his obstructive conduct, or whether the conduct was stopped by law enforcement[,] . . . [and] whether [the defendant] admitted and recanted his obstructive conduct, or whether he denied obstruction of justice at sentencing.

*Id*. at 957–58 (alterations in original) (quoting *United States v. Honken*, 184 F.3d 961, 968 (8th Cir. 1999)).

We conclude that the district court did not err in denying Hutterer a sentencing reduction for acceptance of responsibility. Hutterer's post-plea conduct, including mailing threatening letters to Agent Scheidler, does not reflect an acceptance of responsibility. As previously explained, the district court did not err in applying the obstruction-of-justice enhancement. And Hutterer has not presented an extraordinary case warranting a decrease in offense level based on acceptance of responsibility. *See Smith*, 665 F.3d at 957–58.

### D. *Consideration of 18 U.S.C. § 3553(a) Factors*

Hutterer contends that the district court gave undue consideration to the victims' law enforcement status and not enough to her mental illness and her inability to carry out threats while incarcerated.

Hutterer's PSR revealed a 30-year history of criminal conduct. She harassed Agent Scheidler over an extended period of time and made graphic and violent threats, which also targeted his family. She continued her behavior before sentencing and showed no remorse afterward, demonstrating an intent to continue her harassment. Based on our review of the record, we conclude that the district court imposed a sentence that properly considered all relevant § 3553(a) factors. The district court highlighted its consideration of the need for protection of the public, adequate deterrence, and promotion for respect for the law, specifically noting that these factors outweighed the mitigating effects of Hutterer's personal characteristics (i.e., her mental illness). Furthermore, the district court properly explained its sentence under *Gall*. Given the extent and persistence of Hutterer's conduct, the district court did not abuse its discretion in varying upward and imposing a 180-month sentence.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

———————————————