# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3184

_____

United States of America

*Plaintiff - Appellee*

v.

Jesus Samaniego-Garcia, also known as Bobby Alvarado

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: May 12, 2014
Filed: July 14, 2014

_____

Before RILEY, Chief Judge, BEAM and SMITH, Circuit Judges.

_____

RILEY, Chief Judge.

Jesus Samaniego-Garcia appeals the 46-month sentence of imprisonment the district court[1] imposed after Samaniego-Garcia pled guilty, pursuant to a plea

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

agreement, to distributing five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1).

Samaniego-Garcia first proposes the sentence is substantively unreasonable, asserting the district court "erred in weighing the [18 U.S.C. § 3553(a)] sentencing factors," then questioning whether the district court "even considered" these factors—actually alleging a procedural error.[2] "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence," United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009), which we review for an abuse of discretion, United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Here, the district court satisfied its procedural obligation to consider the § 3553(a) factors, see id., and imposed a sentence at the bottom of the agreed upon U.S. Sentencing Guidelines range. After careful review of the record, we conclude the district court did not procedurally err, and Samaniego-Garcia has not rebutted the presumption that the sentence was reasonable. See United States v. Cromwell, 645 F.3d 1020, 1022 (8th Cir. 2011) ("A within-range sentence is presumptively reasonable.").

Second, Samaniego-Garcia maintains his trial counsel provided ineffective assistance by telling Samaniego-Garcia that if he pled guilty, he would receive a 24-month sentence of imprisonment. Samaniego-Garcia's appellate counsel acknowledges, after reviewing the lower court record, he "found no evidence supporting this claim." We decline to review this argument on direct appeal. "We will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." United States v. Ramirez-Hernandez,

---

[2]"The line between what is procedural and what is substance is famously fuzzy at the margins." United States v. Kane, 639 F.3d 1121, 1136 (8th Cir. 2011). But "substantive review exists, in substantial part, to correct sentences that are based on unreasonable weighing decisions." Id. (quotation omitted).

449 F.3d 824, 827 (8th Cir. 2006). That is not the case here—the record on this issue is not fully developed, no error by trial counsel is apparent on the current record, and no miscarriage of justice plainly appears.

We affirm.

_____