# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1071
_____

United States of America

*Plaintiff - Appellee*

v.

Scott Wayne Pitts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 11, 2014
Filed: November 17, 2014
[Unpublished]

_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Scott Wayne Pitts appeals the thirty-month sentence imposed by the district court[1] after he pleaded guilty to transmitting in interstate commerce a communication

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

containing a threat to injure the person of another in violation of 18 U.S.C. § 875(c). Pitts argues his sentence is substantively unreasonable and the district court erred in imposing an upward variance in violation of Tapia v. United States, --- U.S. ----, 131 S. Ct. 2382 (2011). We affirm.

I

In 2012, Alexa Baker, Pitts's ex-girlfriend, was pregnant with his child. After giving birth, she decided to place the child for adoption through Bethany Christian Services ("BCS"), a non-profit organization offering adoption services. Although he initially opposed it, in August 2012, Pitts signed the papers allowing the adoption. Several days after the deadline to withdraw his consent, Pitts called Sarah Jones, the director of BCS, and indicated he no longer wished to go through with the adoption. When he learned it was too late, Pitts began to threaten and harass Jones.

Over the course of several months, Pitts made numerous phone calls to, and left voice mails for, Jones in which he made repeated and heinous violent threats. He stated he would punish Jones for stealing his baby by stealing Jones's child to replace his. He threatened to blow up BCS and set Jones on fire. He repeatedly told Jones he would kill her, he was not afraid to die in carrying out his vengeance, and he was not concerned about police involvement or going to jail. In one voice mail, he stated, "I will stop at nothing, I don't care if it kills me or puts me in jail for the rest of my life, to punish all of you who are responsible for this . . . I will punish you in some way, or die trying." He also told Jones that if he goes to jail, all he would do is think of ways he could kill her after his inevitable release. Even after he was arrested, Pitts told the officers that he would "do what [he] said [he'd] do."

The government indicted Pitts on January 16, 2013, charging him with two counts of violating 18 U.S.C. § 875(c) and one count of violating 18 U.S.C. § 844(e). After reaching a plea agreement with the Government, Pitts pleaded guilty to one

count of violating 18 U.S.C. § 875(c). The final presentence investigation report ("PSR") recommended an advisory guideline sentence of ten to sixteen months' imprisonment, based on a criminal history category of I and a total offense level of 12. There were no objections to the PSR relevant to the sentence computation. In his sentencing memorandum, Pitts requested a ten-month sentence. The government requested an upward departure or variance for a total sentence of thirty months. After considering the arguments of counsel, the district court imposed an upward variance and sentenced Pitts to thirty months of imprisonment.[2]

---

[2]The parties disagree about whether the district court imposed an upward departure or an upward variance. There was indeed some confusion on the issue at the district court. In its motion, the government used both terms interchangeably throughout, but its entire argument was based on the § 3553(a) factors. During the sentencing hearing, although it continually used the term "departure," the district court relied on the § 3553(a) factors without any reference to a specific departure provision, and specifically stated it was imposing the sentence "in light of the sentencing considerations under 18 U.S. Code, Section 3553(A) to which the Court has previously alluded." The Statement of Reasons filed by the district court likewise reflects that the § 3553(a) factors were the basis for the sentence. After reviewing the record, we find the district court, in fact, granted an upward variance based on the § 3553(a) factors–not an upward departure. See United States v. President, 451 F. App'x 623, 625 n.2 (8th Cir. 2012) (noting "the district court actually imposed an upward variance" because it "expressly relied on 18 U.S.C. § 3553 factors . . . rather than a departure from the Guidelines"); see also United States v. Solis-Bermudez, 501 F.3d 882, 884 (8th Cir. 2007) (explaining the difference between a departure and a variance). Because we find the ultimate sentence reasonable, such conflation between the two terms was harmless error. United States v. Dehghani, 550 F.3d 716, 723 n.4 (8th Cir. 2008) (finding harmless error where "the district court used the term 'departure' when sentencing [the defendant], [but] the court's considerations clearly demonstrate that it actually imposed a variance under the § 3553(a) factors"); United States v. Richart, 662 F.3d 1037, 1048 (8th Cir. 2011) (holding distinction immaterial where "the district court appropriately considered and explained the relevant § 3553(a) factors").

II

A

Pitts challenges the substantive reasonableness of his sentence. Our first task under this inquiry is to "ensure that the district court committed no significant procedural error." United States v. Washington, 515 F.3d 861, 865 (8th Cir. 2008). Having found no such error, we move on to the second task: considering the substantive reasonableness of the sentence under an abuse-of-discretion standard. See id.; United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." (internal quotation marks omitted)).[3] "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (internal quotation marks omitted). As we have explained, "it will be the unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable." Id. at 464 (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

_____

[3]Citing United States v. Waller, 689 F.3d 947, 960 (8th Cir. 2012) (per curiam), the government argues we review the *imposition* of an upward variance for plain error when the defendant fails to object. However, "[a] defendant need not object to preserve an attack on the substantive reasonableness of a sentence." United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008). Here, Pitts argues the variance was improper because it was in violation of Tapia, which we analyze below under a plain-error analysis. With respect to his challenge of the *length* of his sentence, no explicit objection was necessary. See United States v. Wiley, 509 F.3d 474, 476-77 (8th Cir. 2007).

Nothing in the record indicates the district court failed to consider a relevant factor, gave improper weight to an irrelevant factor, or committed a clear error of judgment in weighing the appropriate factors. To the contrary, the district court's analysis demonstrates it properly considered the 18 U.S.C. § 3553(a) factors. In imposing the above-guidelines sentence, the court emphasized the frequent, prolonged, and heinous nature of the threats, made "with the tenacity of a bulldog," and the impact those threats had on the victim and her family. The court noted Pitts relentlessly threatened Jones, threatened to take her children, blow up her place of work, and set her on fire, and showed no deterrence from potential police involvement or imprisonment. The court acknowledged a two-level enhancement for more than two threats was appropriate but believed it did not "fully . . . capture the nature and circumstances of the offense." The court had "wide latitude to weigh the § 3553(a) factors" and assign some factors greater weight than others. United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). It was within the court's discretion to give "greater weight to the nature and circumstances of the offense than to other § 3553(a) factors." United States v. Hummingbird, 743 F.3d 636, 638 (8th Cir. 2014). Although the court imposed a significant upward variance, we find no abuse of discretion. See, e.g., United States v. Hutterer, 706 F.3d 921, 926 (8th Cir. 2013) (affirming an upward variance because the threats were graphic, violent, targeted the victim's family, and made over an extended period of time); Waller, 689 F.3d at 960-61; United States v. Rutherford, 599 F.3d 817, 822 (8th Cir. 2010).

B

Pitts also argues the district court lengthened his sentence in violation of Tapia v. United States, --- U.S. ----, 131 S. Ct. 2382 (2011). Because Pitts did not object on any grounds related to Tapia, we review the issue for plain error. See United States v. Blackmon, 662 F.3d 981, 986 (8th Cir. 2011). Pitts must therefore show: "(1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (quoting United States v. Bain, 586 F.3d 634, 640 (8th Cir. 2009)) (internal quotation marks omitted).

In Tapia, the Supreme Court held a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Tapia, 131 S. Ct. at 2393. Thus, "[a]lthough a sentencing court can discuss the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs, it may not select the length of the sentence to ensure completion of a rehabilitation program." United States v. Olson, 667 F.3d 958, 961 (8th Cir. 2012) (internal quotation marks and alterations omitted). Here, during the sentencing hearing, the district court very briefly mentioned Pitts's need for rehabilitation. However, in response to Pitts's counsel's request for mental health treatment, the court explained it loathed "to direct the Bureau of Prisons to embark upon a treatment" that may not be available. It would be difficult to surmise that the district court sentenced Pitts to receive treatment it was not sure was available to him. Morever, the court provided a detailed explanation that the upward variance was based on the persistence and heinous nature of the threats. After reviewing the sentencing record, we find the district court imposed the sentence based on consideration of the relevant sentencing factors–not to enable treatment. Thus, we find no error. See Blackmon, 662 F.3d at 987 (holding court's discussion of BOP's drug program not dispositive); United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012) (finding no plain error where court noted "that a long sentence is necessary to provide [the defendant] with needed care and treatment" because "no suggestion that the court lengthened the sentence on account of this factor").

III

Accordingly, we affirm the judgment of the district court.

_____