# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1923
_____

United States of America

*Plaintiff - Appellee*

v.

David Van Osten

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: February 29, 2016
Filed: May 4, 2016
[Unpublished]

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

David Van Osten appeals the district court's[1] denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

# I

In December 2004, Van Osten pled guilty to conspiracy to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. At sentencing, the district court calculated a base offense level of 34 because Van Osten was responsible for at least 1.5 kilograms but less than 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine. See U.S.S.G. § 2D1.1(c)(3) (2005). For the conspiracy to distribute methamphetamine count, the district court calculated a guideline range of 135 to 168 months and sentenced Van Osten to 160 months' imprisonment. For the possession of a firearm in furtherance of a drug trafficking crime count, the district court sentenced Van Osten to a mandatory minimum consecutive sentence of 60 months' imprisonment.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.) took effect. This amendment, colloquially referred to as the "Drugs Minus Two" Amendment, lowered by two the offense level based on drug quantity under U.S.S.G. §§ 2D1.1 and 2D1.11 and made this two-level reduction retroactive. See U.S.S.G. § 1B1.10(d) (2014).

After Amendment 782 took effect, the district court, sua sponte, scheduled a hearing to determine whether Van Osten was eligible for a sentence reduction under Amendment 782 and 18 U.S.C. § 3582(c)(2). At the hearing, the district court recalculated a base offense level of 31 and a guideline range of 108 to 135 months for the conspiracy to distribute methamphetamine count. The district court weighed the 18 U.S.C. § 3553(a) factors and declined to reduce Van Osten's sentence, finding the mitigating factors did not outweigh the significant amount of methamphetamine Van Osten distributed, the number of firearms he possessed, his problems on pretrial release, and the fact that he fled to Malta prior to his guilty plea. Van Osten timely appealed.

## II

18 U.S.C § 3582 does not entitle a defendant to a sentencing reduction. <u>United States v. Long</u>, 757 F.3d 762, 764 (8th Cir. 2014), cert. denied, 135 S. Ct. 991 (2015). Rather, it gives the district court discretion to reduce a defendant's sentence if his sentencing range has subsequently been lowered and the reduction is consistent with the § 3553(a) factors and applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). We review a district court's decision to deny a sentence reduction for an abuse of discretion. <u>United States v. Anderson</u>, 707 F.3d 973, 974 (8th Cir. 2013) (per curiam).

Van Osten argues the district court abused its discretion when it denied his request for a reduction in his sentence because it gave undue weight to aggravating factors. We disagree. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence . . . ." <u>United States v. Samaniego-Garcia</u>, 758 F.3d 1007, 1008 (8th Cir. 2014). Here, the district court weighed the § 3553(a) factors and noted Van Osten had a low criminal history and had made changes to his life since he entered prison. But it found the aggravating factors – Van Osten's possession of a large quantity of methamphetamine, his possession of a number of guns, and his act of fleeing to Malta – outweighed the mitigating factors. This decision was not an abuse of discretion.

## III

For the foregoing reasons, we affirm.

_____