# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2763
_____

United States of America

*Plaintiff - Appellee*

v.

David Gierlus

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 14, 2016
Filed: July 13, 2016
[Unpublished]

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and MOODY,[1] District
Judge.

_____

PER CURIAM.

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the
Eastern District of Arkansas, sitting by designation.

David Gierlus appeals the district court's[2] denial of a reduction in sentence under 18 U.S.C. § 3582(c)(2). We affirm.

## I.

In January 2013, Gierlus, a medical doctor, was charged with 95 counts of unlawful distribution of controlled substances not for a legitimate medical purpose and outside the scope of professional practice. 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(E)(I), (b)(2). In March 2013, Gierlus pled guilty to one count of unlawfully prescribing hydrocodone, a Schedule III controlled substance. 21 U.S.C. § 841(a)(1), (b)(1)(E)(I). Gierlus admitted that he "had inappropriately engaged in sexual contact" with a female patient before prescribing her hydrocodone for "other than a legitimate medical purpose," as the basis of his plea. The parties agreed that the Sentencing Guidelines provided an advisory range of 78 to 97 months imprisonment. Gierlus entered into a sentencing agreement with the government in which the parties recommended a sentence of 96 months imprisonment. The district court accepted the recommendation and sentenced Gierlus to 96 months imprisonment, a fine of $400,000, and supervised release for five years. The district court noted that the presentence report indicated that Gierlus "refus[ed] to write [the victims] prescriptions unless they allowed [Gierlus's] sexual advances," refused to authorize refills without office visits to assure the women were available to him, and selected "women who were already vulnerable, who had mental health problems, who had sexual abuse histories," and groomed them so that he could "assault[] them over and over and over again."

After Gierlus was sentenced, Amendment 782 to the Sentencing Guidelines retroactively reduced the applicable drug quantity base offense levels by two. In March 2015, the district court, without a motion, ordered the parties to file briefs on

_____

[2]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

-2-

the issue of whether the sentencing agreement rendered Gierlus ineligible for a sentence reduction under 18 U.S.C. § 3582(c). The parties submitted briefs, and the district court held a hearing in July 2015. At that hearing, Gierlus argued that his sentence should be reduced under Amendment 782, and the district court ruled that Gierlus was eligible for the reduction. However, the district court declined to exercise its discretion to grant the reduction. Specifically, the court noted that this case was "more a sexual assault case" than a drug case and found that Gierlus posed an "ongoing danger to the community." The court further stated that:

> 96 months was the lowest I would have considered giving and I entered it only because the parties had resolved all of the disputes and it avoided having to have these victims come in to court and testify about traumatic events in their life and embarrassing testimony. It avoided additional trauma to the medical community. . . . I think he probably is eligible for this 782 Amendment and I rule that he is so eligible; however, in light of the public safety concerns I have, I am nonetheless going to decline the reduction in this case in my discretion and I do so in part because of the very serious nature of what happened in this case. . . .
>
> I am grateful that Mr. Gierlus is finding ways to be productive in prison . . . but it also is not inconsistent with who he was. He had very much a dual life that we saw. . . . He was a man who made a whole lot of positive contributions to society, but for the fact that he was sexually assaulting women that were part of his practice and you can't ignore that. You just can't. And that was very, very serious conduct[.] . . . I do find that there is an ongoing danger to the community in this case that warrants my declining of the adjustment for Mr. Gierlus.

Gierlus timely appealed.

-3-

We review a district court's decision not to reduce a sentence under § 3582(c)(2) for an abuse of discretion. United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010). The district court considers any applicable § 3553(a) factors in determining whether a reduction is appropriate. 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10 cmt. 1(B)(i). The district court abuses its discretion when "it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Denton, No. 15-2085, 2016 WL 2342822, at *1, --- F.3d ---- (8th Cir. May 3, 2016) (quoting United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008)). The district court has wide latitude in weighing the § 3553(a) factors to determine whether the reduction is warranted in the particular case. United States v. Osten, No. 15-1923, 2016 WL 2343031, at *1, --- F. App'x ---- (8th Cir. May 4, 2016) (citing United States v. Samaniego-Garcia, 758 F.3d 1007, 1008 (8th Cir. 2014)). The § 3553(a) factors include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Gierlus first argues that the district court abused its discretion by failing to adequately weigh Gierlus's good behavior post-conviction in its decision. See U.S.S.G. § 1B1.10 cmt. 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction"). However, the district court noted Gierlus's laudable post-conviction behavior and found that the behavior did not show that Gierlus had changed, because even when Gierlus had been sexually assaulting

women as a physician, his work as a medical doctor and community member made positive contributions to society. The district court did not abuse its discretion in reaching this conclusion.

Next, Gierlus argues that the district court abused its discretion in failing to consider that a special condition of supervised release prevented Gierlus from practicing medicine. Unable to practice medicine, Gierlus argues, he would not constitute a threat to the public. But, considering the nature and circumstances of the offense, the district court concluded that Gierlus's conduct was "very, very serious," more about sexual assault than drugs, and that Gierlus posed a danger to the community. These conclusions were not unreasonable. Although Gierlus's position as a physician undoubtedly provided him with access to the many women he assaulted, medical practice is not the only avenue through which Gierlus, upon his release, could potentially access vulnerable or incapacitated women. In its consideration of the § 3553(a) factors, including the seriousness of Gierlus's conduct and the ongoing danger Gierlus posed to the community, the district court did not abuse its discretion in denying the requested reduction.

III.

For the foregoing reasons, we affirm.

_____