# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3143
_____

United States of America

*Plaintiff - Appellee*

v.

Sergio Javier Granados

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: May 31, 2016
Filed: August 1, 2016
[Published]

_____

Before SMITH, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Sergio Javier Granados appeals the district court's[1] denial of his motion for a two-level sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Guidelines. We affirm.

I. *Background*

On March 27, 1996, a jury found Granados guilty of 11 counts related to conspiracy and distribution of cocaine and heroin, employing individuals under the age of 18 to distribute cocaine, distribution of a controlled substance to a person under the age of 21, and knowingly using and carrying firearms during and in relation to a drug trafficking crime. Granados was sentenced to 288 months' imprisonment on the drug-conspiracy charges and a consecutive 60 months' imprisonment for using a firearm in connection with the drug offenses. On appeal, we reversed and remanded for specific findings on drug quantity. *United States v. Granados*, 117 F.3d 1089 (8th Cir. 1997). On remand, the district court made the necessary findings and reduced the drug sentence by 12 months for a total sentence of 336 months' imprisonment.

"On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.) took effect. This amendment, colloquially referred to as the 'Drugs Minus Two' Amendment, lowered by two the offense level based on drug quantity under U.S.S.G. §§ 2D1.1 and 2D1.11 and made this two-level reduction retroactive." *United States v. Osten*, 639 F. App'x 393, 393 (8th Cir. 2016) (unpublished per curiam) (citing U.S.S.G. § 1B1.10(d) (2014)).

On May 19, 2015, Granados moved for a two-level reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782. The government opposed any reduction, relying upon case-related considerations. The district court found that Granados qualified for a sentence reduction under § 3582(c)(2) but denied Granados's

---

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

motion, concluding that a sentence reduction would be inconsistent with the Sentencing Commission's policy statements and the factors set forth in 18 U.S.C. § 3553(a).

Analyzing the § 3553(a) factors, the district court noted that "[t]he drug trafficking operation involved a large quantity of drugs and violence" as evidenced by Granados "intimidat[ing] and threaten[ing] others, both verbally and with a firearm," and "assault[ing] several individuals at different times and direct[ing] others to threaten and assault others." The court identified an instance in which "Granados recruited another individual from Chicago to 'hit' . . . an individual who had gotten into a fight with Granados on a prior occasion," paid "$2,500 for the 'hit,'" and "provided a firearm for the shooting." The court additionally noted that Granados had "directed the torching of a vehicle owned by an individual who had contacted law enforcement" and cited a witness's testimony "that firearms were utilized both to protect the drug distribution ring and were to be used against law enforcement, if necessary."

The court acknowledged the "several achievements and accomplishments [that Granados] made while incarcerated," stated its belief "that Granados has made a concerted effort to improve his life and will be a productive member of society upon his release if he continues on the same path," and recognized that Granados is a different person today than he was at his original sentencing. The court nonetheless concluded that "[i]t is . . . clear that Granados is not one of the nonviolent offenders contemplated by the Sentencing Commission when it approved the Amendment. He is not one of the people the Department of Justice had in mind when supporting the Amendment's retroactivity." The court determined that "afford[ing] Granados relief would be inconsistent with the policy statements of the Sentencing Commission as well as the sentencing factors enumerated by Congress. The nature and circumstances of this case and public safety considerations preclude this court from granting a sentence reduction."

## II. *Discussion*

On appeal, Granados argues that the district court erred in denying his motion for a sentence reduction pursuant to § 3582(c)(2) based on Amendment 782 because the court considered the facts and circumstances of the drug conspiracy at the original sentencing and on remand from this court, twice sentencing Granados within his then-applicable Guidelines. According to Granados, the district court gave considerable weight to improper factors and failed to consider important factors: (1) the district court cited a specific allegation of violence—the alleged "hit"—that was rejected by the original sentencing court, and (2) the district court failed to consider Granados's positive post-sentencing accomplishments and path toward a productive future.

A defendant is not automatically entitled to a sentencing reduction pursuant to § 3582(c)(2). *Osten*, 639 F. App'x at 394 (citing *United States v. Long*, 757 F.3d 762, 764 (8th Cir. 2014)). Instead, § 3582(c)(2) "gives the district court discretion to reduce a defendant's sentence if his sentencing range has subsequently been lowered and the reduction is consistent with the § 3553(a) factors and applicable policy statements issued by the Sentencing Commission." *Id*. (citing 18 U.S.C. § 3582(c)(2)). We review a district court's denial of a sentence reduction for an abuse of discretion. *Id*.

Here, it is undisputed that Granados is eligible for the reduction, as the district court determined. *See Dillon v. United States*, 560 U.S. 817, 827 (2010) ("At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."). Both parties agree that reducing the offense level by two levels lowers the applicable Guidelines range from 262 to 327 months to 210 to 262 months.

"At step two of the inquiry," the court must "consider any applicable § 3553(a) factors and determine whether" the prisoner's particular circumstances warrant a

reduced sentence. *Id*. Specifically, "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). A court's "reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry." *Dillon*, 560 U.S. at 827. Proceedings pursuant to § 3582(c)(2) are not "plenary resentencing proceedings." *Id*. "The district court has 'substantial latitude to determine how much weight to give the various factors under § 3553(a)' and [may] cho[o]se to give more weight to the aggravating factors of recidivism and [the defendant's] criminal history." *United States v. Thompson*, No. 14-3523, 2016 WL 1178968, at *8 (8th Cir. Mar. 28, 2016) (quoting *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012)).

Here, the district court exercised its discretion and expressly considered the § 3553(a) factors, recounting the nature and seriousness of Granados's offense, Granandos's history and characteristics, and the need to promote respect for the law. Based on these factors, the court concluded that Granados was "not one of the people the Department of Justice had in mind when supporting the Amendment's retroactivity." We conclude that the district court properly exercised its discretion in choosing to give more weight to the aggravating factors, such as Granandos's criminal history, rather than his post-sentencing rehabilitative efforts.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____