# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1153

_____

United States of America

*Plaintiff - Appellee*

v.

Cesar Sevilla-Acosta

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 13, 2018
Filed: May 29, 2018
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Cesar Sevilla-Acosta appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). In 2012, a jury convicted Sevilla-Acosta of conspiring to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 841.

After calculating a sentencing guidelines range of 151 to 188 months, the district court[1] sentenced him to 135 months' imprisonment.

In 2016, Sevilla-Acosta moved under § 3582(c)(2) to reduce his sentence. Section 3582(c)(2) "gives the district court discretion to reduce a defendant's sentence if his sentencing range has subsequently been lowered and the reduction is consistent with the § 3553(a) factors and applicable policy statements issued by the Sentencing Commission." *United States v. Granados*, 830 F.3d 840, 842 (8th Cir. 2016) (per curiam). Sevilla-Acosta based his motion on Sentencing Guidelines Amendment 782, "which retroactively reduced most base offense levels in the drug quantity tables by two levels." *See United States v. Lewis*, 827 F.3d 787, 789 (8th Cir. 2016). The Government acknowledged that the amendment lowered Sevilla-Acosta's guidelines range to 121 to 151 months and that he was eligible for a sentence reduction under § 3582(c)(2), but it opposed the motion to reduce his sentence. In a written order, the district court agreed with the Government and declined to reduce the sentence. We review this decision for abuse of discretion. *Granados*, 830 F.3d at 842.

The district court did not abuse its discretion in denying Sevilla-Acosta's motion to reduce his sentence. The district court offered many justifications for the decision, including Sevilla-Acosta's long criminal record, his post-sentencing misconduct, and the magnitude of the drug conspiracy. The district court also emphasized his history of dishonesty and the fact that his sentence remains within the new sentencing guidelines range. Sevilla-Acosta quibbles with some of the district court's characterizations, but he offers no persuasive basis for finding an abuse of discretion. He suggests that the district court equated his going to trial with a lack of remorse, but the district court noted his decision to go to trial only as one indication

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

among others that Sevilla-Acosta "did not even pretend to show remorse for his offense." District courts may consider a defendant's lack of remorse in evaluating a sentence, *see United States v. Hutterer*, 706 F.3d 921, 926 (8th Cir. 2013), and Sevilla-Acosta cites no case indicating that the district court's reasoning here warrants reversal.

For the foregoing reasons, we affirm.

_____