# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3498
_____

United States of America

*Plaintiff - Appellee*

v.

George Buck

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: June 13, 2025
Filed: August 19, 2025
[Unpublished]
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

George Buck pleaded guilty to conspiracy to distribute methamphetamine, marijuana, and fentanyl, 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), for gang-related drug trafficking in Omaha, Nebraska. He was sentenced to 120 months in prison. About a year later, he was diagnosed with aggressive brain cancer. The district

court[1] denied his motion for compassionate release, assuming without deciding that his condition was an extraordinary and compelling reason for relief under 18 U.S.C. § 3582, but finding the § 3553(a) factors weighed against release.  Buck appeals.

When considering the need for Buck's sentence to "reflect the seriousness of the offense," 18 U.S.C. § 3553(a)(2)(A), the district court noted that his original sentence was below the guideline range of 210 to 262 months in prison and that Buck received the statutory minimum sentence.  Continuing, the court said that "Congress in an exercise of its legislative function determined that fewer than ten years of incarceration would fail to reflect the seriousness of the defendant's conduct," and that the statutory minimum shows that ten years in prison is "necessary 'to afford adequate deterrence.'"  See 18 U.S.C. § 3553(a)(2)(B).  Buck argues that the district court legally erred and thus abused its discretion by relying on the statutory minimum sentence when conducting its § 3553(a) analysis.  See United States v. Marcussen, 15 F.4th 855, 858 (8th Cir. 2021) (denial of compassionate release reviewed for abuse of discretion); Koon v. United States, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").

Contrary to Buck's suggestion, the district court did not commit legal error by "carv[ing] out" an exception into the compassionate release statute.  True, the district court considered it relevant that if released Buck would serve only "about one-eighth of the statutory minimum sentence for his crime."  But in our view the court properly considered the policy behind the mandatory minimum and its effect on the need for the sentence to provide "just punishment," to "reflect the seriousness of the offense," and to "afford adequate deterrence."  See § 3553(a)(2); see also United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (Section 3553(a) factors "allow courts to consider the 'amount of time' that a defendant has served on a sentence when deciding whether to grant a sentence reduction." (citation omitted)).  And we see no evidence in the record that the district court thought it could not reduce Buck's

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

sentence below 120 months. Instead, the statutory minimum set by Congress was one of many considerations informing the district court's weighing of the § 3553(a) factors.

Buck also argues that the district court abused its discretion in weighing the other § 3553(a) factors. He complains that the district court failed to consider that his severe cancer means he is not a danger to the community, that he has behaved well in prison, and that he "has every intention to be a law-abiding citizen if he is released." But "we do not require a district court to make a specific rejoinder to every circumstance cited in support of a reduction." United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020). The district court cited sentencing disparities, the serious harm Buck caused to the Omaha community, his criminal history, and his unfulfilled obligations (including more than $50,000 in unpaid child support). We find no abuse of discretion in the district court's decision to give more weight to these aggravating factors than it did to Buck's mitigating factors. United States v. Granados, 830 F.3d 840, 842 (8th Cir. 2016) (per curiam).

Affirmed.

_____