# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2805
_____

United States of America,

*Plaintiff - Appellee*,

v.

Shane Seizys,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 3, 2017
Filed: July 27, 2017

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Shane Seizys pleaded guilty to the robbery of a Kentucky Fried Chicken restaurant with the use of a firearm, in violation of 18 U.S.C. §§ 924(c) and 1951, and the robbery of a Subway sandwich shop, in violation of § 1951. Seizys signed a plea agreement, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties agreed to a sentence of 348 months' imprisonment. Seizys also

waived his right to appeal in certain respects. The district court[1] accepted Seizys's guilty plea, but withheld its acceptance of the plea agreement until it reviewed the presentence investigation report.

Before sentencing, Seizys's counsel moved to withdraw because Seizys wanted to proceed *pro se*. Seizys also sent a letter to the court requesting to withdraw his guilty plea. The court addressed the motion and the letter at Seizys's sentencing hearing. Seizys's counsel explained that he wanted to withdraw because Seizys's only opportunity to attack his guilty plea was to argue that his counsel was ineffective. Seizys explained that he wanted to withdraw his plea based on ineffective assistance of counsel because his attorney became too emotionally involved in the case. He also denied that he robbed the Kentucky Fried Chicken, and said that he agreed to plead guilty out of panic.

The court concluded that counsel was effective and that Seizys acknowledged his guilt at his change-of-plea hearing. The court therefore denied Seizys's request to withdraw his plea. The court noted for the record that it accepted Seizys's plea agreement, and sentenced Seizys consistent with its terms. Seizys appeals, arguing that he should have been allowed to withdraw his plea because he did not rob the Kentucky Fried Chicken and he entered into the plea agreement out of panic.

The government contends that Seizys waived his right to appeal the court's ruling on his motion to withdraw the guilty plea. Generally, a defendant may waive his appellate rights in a plea agreement. So long as there is no miscarriage of justice, we will enforce a defendant's waiver if the appeal falls within the scope of the waiver and the defendant entered into the waiver and the plea agreement knowingly and voluntarily. *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

We review the validity of an appellate waiver *de novo*. *United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

Seizys's plea agreement includes the following waiver: "The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, . . . including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant," except for a claim of ineffective assistance of counsel. Seizys does not bring an ineffective-assistance-of-counsel claim, and his appeal thus falls within the scope of his waiver.

The record establishes that Seizys's waiver was knowing and voluntary. At the change-of-plea hearing, Seizys confirmed that he had read the agreement and discussed it with his lawyer. After the government summarized the plea agreement, and explained that it included an appeal waiver and prevented Seizys from withdrawing his guilty plea, Seizys acknowledged that the summary fairly described his agreement. Seizys also stated that he voluntarily signed the plea agreement, that he had no questions about it, and that no one threatened him to cause him to sign it.

Seizys claims that he is actually innocent of the Kentucky Fried Chicken robbery, but makes no strong showing in support of that contention that might establish a miscarriage of justice. *Cf. United States v. Torres-Oliveras*, 583 F.3d 37, 43 (1st Cir. 2009). Seizys admitted in his petition to enter a plea of guilty that he robbed the restaurant with the use of a firearm, and he stated at his change-of-plea hearing that the government could prove his guilt beyond a reasonable doubt. Seizys did not object to factual statements in his presentence investigation report that the government tracked his location through a global positioning device and showed him at the Kentucky Fried Chicken when the robbery occurred. His naked claim of innocence in a motion to withdraw the plea does not justify avoiding the appeal waiver.

-3-

For these reasons, Seizys waived his right to appeal the district court's order denying his motion to withdraw the guilty plea. The judgment of the district court is therefore affirmed.

_____