# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1469

_____

United States of America

*Plaintiff - Appellee*

v.

Darnell Gordon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: January 14, 2019
Filed: March 1, 2019
[Unpublished]

_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Darnell F. Gordon pled guilty to conspiracy to commit bank larceny, in violation of 18 U.S.C. §§ 2113(b), 2312, 2314 and 2, and 371. The district court[1]

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

sentenced him to 120 months' imprisonment. He appeals the denial of his pro se motion to withdraw his guilty plea. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In his plea agreement, Gordon waived his right to appeal. "As a general rule, a defendant is allowed to waive appellate rights." *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). To be valid, "[a] defendant must enter into a plea agreement and waiver knowingly and voluntarily." *Id.* at 890. This court reviews "the validity of an appellate waiver *de novo*." *United States v. Seizys*, 864 F.3d 930, 931 (8th Cir. 2017). "When reviewing a purported waiver, [this court] must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Andis*, 333 F.3d at 889-90. "[T]he burden of proof is on the Government to demonstrate that a plea agreement clearly and unambiguously waives a defendant's right to appeal." *Id.* at 890.

Gordon's plea agreement says:

> The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:
>
> (a)     As provided in Section I above, (if this is a conditional guilty plea); and
> (b)     A claim of ineffective assistance of counsel.
>
> . . . .
>
> By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of

-2-

Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 1 l(c)(5).

The terms of the plea agreement unambiguously waive Gordon's right to appeal the denial of his motion to withdraw. He knowingly and voluntarily agreed to the terms. At the change of plea hearing, the government recited the terms into the record. Gordon confirmed that the recitation matched his understanding of the agreement. He also stated under oath that he understood the waiver. The magistrate judge found the guilty plea, "knowing, intelligent and voluntary." Gordon's appeal waiver is valid. *See Seizys*, 864 F.3d at 932 (holding defendant "waived his right to appeal the district court's order denying his motion to withdraw the guilty plea").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____