# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2738

_____

United States of America

*Plaintiff - Appellee*

v.

Jarvis Molden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: June 14, 2019
Filed: October 29, 2019
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jarvis Molden pleaded guilty to aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2, and aiding and abetting the possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

The district court[1] sentenced him to 96 months in prison for the bank robbery count and 84 months for the firearm possession count, to be served consecutively. Molden appeals his bank robbery sentence, arguing that the district court abused its discretion in applying a two-point enhancement for reckless endangerment during flight. See USSG § 3C1.2. The Government argues Molden waived this argument in his plea agreement. We agree.

We review the validity of an appeal waiver in a plea agreement *de novo*. United States v. Seizys, 864 F.3d 930, 931 (8th Cir. 2017). First, "[we] confirm that the [issue raised on] appeal falls within the scope of the waiver." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). Second, we ask whether "the waiver and the plea agreement were entered into knowingly and voluntarily." Id. at 190. Third, if the above conditions are satisfied, we ensure that the enforcement of the waiver would not "result in a miscarriage of justice." Id. The Government bears the burden on all three questions. United States v. Snelson, 555 F.3d 681, 685 (8th Cir. 2009).

Molden's plea agreement contained a section devoted to the "Waiver of Appellate and Post-Conviction Rights." There, Molden specifically "waive[d] the right to directly appeal [his] conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)." The agreement goes on to list a few narrow exceptions to the waiver, such as the right to appeal a sentence which exceeds the statutory maximum and the right to collaterally attack a sentence due to "ineffective assistance of counsel," but none of these apply here. Instead, Molden's argument that the district court erred in applying a two-level sentencing enhancement is grounded in 18 U.S.C. § 3742 and is squarely encompassed by the waiver.

---

[1] The Honorable Susan O. Hickey, Chief Judge for the United States District Court for the Western District of Arkansas.

Molden's waiver was also knowing and voluntary. At his change of plea hearing, Molden stated under oath that he had read his plea agreement, that his attorneys had explained it to him and he understood it, that he knew he was giving up the right to directly appeal his conviction and sentence, that he signed the plea agreement voluntarily and of his own free will, and that he was satisfied with his attorneys. See Plea Hearing Tr. at 12-16.

Finally, even if Molden could show that the district court erred when it applied the reckless endangerment enhancement to his sentence, our enforcement of the waiver would not amount to a miscarriage of justice. See Andis, 333 F.3d at 892 (noting that "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion" does not implicate the miscarriage of justice exception).

Accordingly, Molden's appeal is dismissed.

_____