# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-2418

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Jorge Alberto Rivas,

*Defendant - Appellant.*

—————————

Appeal from United States District Court
for the District of Minnesota

—————————

Submitted: March 17, 2023
Filed: June 16, 2023
[Unpublished]

—————————

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

—————————

PER CURIAM.

After signing a plea agreement, Jorge Rivas pleaded guilty to unlawful reentry after removal, subsequent to a conviction for an aggravated felony. *See* 8 U.S.C. § 1326(a), (b)(2); 6 U.S.C. §§ 202, 557. According to the plea agreement, the parties expected an advisory guideline range of 15 to 21 months' imprisonment. The district

court[*] calculated that range, and imposed a term of 15 months' imprisonment and a three-year term of supervised release.

On appeal, Rivas argues that the district court erred in imposing a term of supervised release. He relies on USSG § 5D1.1(c), which recommends that a court "ordinarily" should not impose a term of supervised release when the defendant is a deportable alien. The government has moved to dismiss Rivas's appeal on the ground that he waived his right to appeal.

A defendant may waive his right to appeal in a plea agreement. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). As long as there is no miscarriage of justice, we will enforce a defendant's waiver if he made a knowing and voluntary waiver, and the appeal falls within the scope of the waiver. *United States v. Seizys*, 864 F.3d 930, 931 (8th Cir. 2017).

Rivas's plea agreement includes the following waiver: "The defendant hereby waives the right to appeal any non-jurisdictional issues," including "the right to appeal guilt or innocence, sentence, and the constitutionality of the statutes to which the defendant is pleading guilty." The parties agreed that "excluded from the waiver" was "an appeal by defendant of the substantive reasonableness of a term of imprisonment above 21 months of imprisonment, and an appeal by the government of the substantive reasonableness of a term below 15 months of imprisonment." Rivas does not challenge the substantive reasonableness of his term of imprisonment, so his appeal falls within the scope of the waiver.

Rivas argues nonetheless that the appeal is outside of the scope of the waiver. The parties, he notes, did not waive their right to appeal a term of imprisonment

_____

[*]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

outside the anticipated advisory guideline range.  Rivas maintains that because the advisory guidelines recommend that a court "ordinarily" should not impose a term of supervised release, his appeal regarding supervised release is also outside the scope of the waiver.  The agreement, however, allows only an appeal to challenge a term of imprisonment that is outside the advisory guideline range.  There was no exception concerning a term of supervised release.  Rivas's appeal is thus barred by the waiver of his right to appeal "any non-jurisdictional issues."

Rivas next argues that a statement by the government at the change-of-plea hearing created ambiguity about the scope of the appeal waiver.  At the hearing, in explaining the waiver provision, the attorney for the government said the following: "if the Court imposes a sentence within the guidelines as the parties have calculated it, then there will be no appeal outside of ineffective assistance."  Rivas contends that this reference to a "sentence within the guidelines" encompasses both a term of imprisonment and a term of supervised release.  He suggests that a negative implication of the statement is that an appeal would be permitted if the court were to impose a term of supervised release contrary to the recommendation of the guidelines.

This argument takes the prosecutor's statement out of context.  The full statement makes clear that the exception to waiver is limited to an appeal challenging a term of imprisonment:

> And excluded from the waiver will be an appeal of the substantive reasonableness of a term by the defendant of above 21 months of imprisonment and by the government of below 15 months of imprisonment, *which is to say that* if the Court imposes a sentence within the guidelines as the parties have calculated it, then there will be no appeal outside of ineffective assistance.

R. Doc. 55, at 6 (emphasis added).  There is no ambiguity, and Rivas does not otherwise dispute that he made a knowing and voluntary waiver.

For these reasons, we grant the government's motion to dismiss the appeal based on Rivas's waiver of rights in the plea agreement.

_____