# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2327
_____

United States of America

*Plaintiff - Appellee*

v.

Steven Sainsbury

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: February 12, 2024
Filed: May 2, 2024
[Unpublished]

_____

Before SMITH, Chief Judge,[1] BENTON and STRAS, Circuit Judges.

_____

PER CURIAM.

Steven Eric Sainsbury pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 846 and possession of a firearm during a drug trafficking crime in violation

_____

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024. *See* 28 U.S.C. § 45(a)(3)(A).

of 18 U.S.C. § 924(c)(1)(A). Before sentencing, Sainsbury orally moved to withdraw his guilty plea. The district court[2] denied the motion. It sentenced him to 300 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Sainsbury argues the district court erred in denying his motion to withdraw his guilty plea. The government contends he waived his right to appeal. This court reviews the validity of an appeal waiver de novo. *See United States v. Seizys*, 864 F.3d 930, 931 (8th Cir. 2017). "When reviewing a purported waiver," this court "must first confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when these conditions are met, however," this court "will not enforce a waiver where to do so would result in a miscarriage of justice." *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).

Sainsbury's plea agreement said:

> The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:
>
> (a)   As provided in Section I above, (if this is a conditional guilty plea); and
> (b)   A claim of ineffective assistance of counsel.

The agreement also said that "By signing this agreement, the defendant waives the right to withdraw defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d)" unless the court rejects the plea agreement.

---

[2]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

At the change of plea hearing, the district court discussed the appeal waiver with Sainsbury: "You've agreed to what's called an appeal waiver. What that means is, with certain limited exceptions, once I decide what your sentence will be, it's going to be difficult for you to appeal that or otherwise attack it." He confirmed he understood. He also affirmed that he was satisfied with his attorney's representation and that his assent was voluntary. The court questioned him about his mental health. Sainsbury reported that he had taken his prescribed medication and that none of his medications affected his "ability to know what's going on here" or his "decision-making today." The district court concluded:

> I find the defendant is competent to plead; he understands the nature of the charge filed against him and the—charges filed against him and the possible penalties that may be imposed; he understands his rights; he willingly, voluntarily, and knowingly waives those rights; and he fully understands the consequences of waiving those rights, including the fact that if he pleads guilty, there will be no trial.

The parties do not dispute that the plea was entered knowingly and voluntarily or that the appeal falls within the scope of the waiver. *See Seizys*, 864 F.3d at 932 (holding a waiver was knowing and voluntary where the defendant confirmed he read the agreement and discussed it with his attorney). Enforcing the waiver is not a miscarriage of justice. *See Andis*, 333 F.3d at 891 ("Although we have not provided an exhaustive list of the circumstances that might constitute a miscarriage of justice, we recognize that these waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts.").

* * * * * * *

The judgment is affirmed.

_____