# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2762

_____

United States of America

*Plaintiff - Appellee*

v.

Chauncey Allen White

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: June 12, 2026
Filed: June 29, 2026
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Chauncey White pleaded guilty pursuant to a plea agreement to two counts of sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(A). The district court[1] sentenced White to a total term of imprisonment of 320 months

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

to run consecutively with a 32-month sentence imposed in another case. White appeals on the grounds that the district court miscalculated the appropriate sentencing guidelines range and imposed an otherwise substantively unreasonable sentence. We dismiss the appeal because White knowingly and voluntarily waived his right to appeal his sentence as part of his plea agreement.

"We review the validity and applicability of an appeal waiver *de novo*." *United States v. Williams*, 81 F.4th 835, 839 (8th Cir. 2023). "So long as there is no miscarriage of justice, we will enforce a defendant's waiver if the appeal falls within the scope of the waiver and the defendant entered into the waiver and the plea agreement knowingly and voluntarily." *United States v. Seizys*, 864 F.3d 930, 931 (8th Cir. 2017).

There is no question that White's appeal falls within the scope of the waiver in his plea agreement. The district court's 320-month sentence was below the advisory sentencing guidelines range, and White does not contest that his plea agreement extinguished his right to challenge the calculation or reasonableness of a within- or below-Guidelines sentence. We also agree with the Government that White entered knowingly and voluntarily into the waiver. Before accepting the plea agreement, the district court held a hearing at which it informed White that, under the agreement, he had preserved his right to appeal his sentence based on ineffective assistance of counsel or if it sentenced him "to a sentence that is longer than called for by the advisory guideline range." The court then explained to White that he had otherwise "given up all right to appeal" his sentence and that he would "have no place to go," including "the Court of Appeals," if he did not "like what [the district court did] in [his] case as to the facts or the law or in general what [his] sentence is." When the district court asked whether he understood these aspects of the plea agreement, White answered "Yes." Therefore, contrary to the assertions in his reply brief, the record establishes that White knowingly and voluntarily waived his right to pursue this appeal. Finally, this case does not present circumstances implicating the miscarriage-of-justice exception to a valid appeal waiver. *See Hunter v. United States*, 608 U.S. ---, 2026 WL 1751815, at *8 (June 18, 2026) (concluding that

miscarriage-of-justice exception applies when "sentence is marred by the kind of egregious error that would bring the judicial system into disrepute"); *United States v. Andis,* 333 F.3d 886, 892 (8th Cir. 2003) (en banc) (holding that "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver"); *see also United States v. Sisco,* 576 F.3d 791, 796 (8th Cir. 2009) (enforcing waiver of appeal challenging substantive reasonableness of sentence that did not exceed statutory maximum).

     Accordingly, we dismiss White's appeal.

_____